IN THE UNITED STATES DISCTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **INTERARCH, INC.,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | No.   22-cv-04735 |
| **REPUBLIC FIRST BANCORP, INC. et al.,** | : | |
| *Defendants.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                                           **June 30, 2025**

The Court initially stayed this action in response to the Motion to Stay filed by the Federal Deposit Insurance Corporation in its capacity as Receiver for Republic First Bank, Inc. ("FDIC-Receiver"). ECF No. 113. On September 5, 2024, the Court issued an order staying this matter indefinitely after being advised that Defendant Republic First Bancorp, Inc. ("Republic Bank") had filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Case No. 24-12991 (ECF No. 120). ECF No. 121 ("Bankruptcy Stay"). The FDIC-Receiver then issued a Notice of Disallowance of Plaintiff's claims, *see* ECF No. 123 ¶ 6, and "agree[d] that the administrative claims process has completed for this matter upon the issuance of the FDIC-Receiver's Notice of Disallowance of Plaintiff's claims," and took no position on lifting the stay as to the individual defendants, Rodney Dean and John Chessa ("Individual Defendants"), *id.* ¶¶ 7–8.

The Plaintiff now moves to lift the stay as to the Individual Defendants and to order a briefing schedule on the Motion for Sanctions (ECF No. 106). ECF No. 124-1 at 3. The Individual

1

Defendants argue that the only stay currently in place is the Bankruptcy Stay and that it should remain in place. ECF No. 127 at 2.

The Court grants the motion to lift the stay. Bankruptcy stays do not extend to non-debtor co-defendants absent "unusual circumstances." *See McCartney v. Integra Nat. Bank North*, 106 F.3d 506, 510 (3d Cir. 1997); *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991) ("[T]he automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor."). The unusual circumstances that would merit a continued stay as to the Individual Defendants under the Bankruptcy Stay are not present. Individual Defendants, two former employees of InterArch and current employees of Republic Bank, are distinct parties from Republic Bank. ECF No. 73 ¶¶ 30–32. Republic First is not a guarantor the Individual Defendants' debts or liabilities nor do the claims against the Individual Defendants impact the bankruptcy reorganization. While the claims against the parties are related, a ruling against the Individual Defendants would not be a judgment or finding against Republic Bank.

Since there are no "unusual circumstances" that would merit extending the stay to non-debtor co-defendants, the Court lifts the Bankruptcy Stay as to the Individual Defendants. The Court declines to exercise its equitable powers to extend the Bankruptcy Stay to the Individual Defendants.

BY THE COURT:

/s/ Chad F. Kenney

_____
**CHAD F. KENNEY, JUDGE**